UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
DERRICK ROMAN, on behalf of himself,
individually, and on behalf of all others similarly-situated,

                         Plaintiff,

    -against-

JASCO PLUMBING & HEATING SUPPLY, INC., and
JEFFREY BASS, individually, and MATTHEW BASS,
individually,

                         Defendants.
------------------------------------------------------------------------X

**COMPLAINT**

Docket No.:  21-cv-4030

Jury Trial Demanded

Plaintiff, DERRICK ROMAN ("Plaintiff"), on behalf of himself, individually, and on behalf of all others similarly-situated, (collectively as "FLSA Plaintiffs," as that term is defined below), by and through his attorneys, BORRELLI & ASSOCIATES, P.L.L.C., as and for his Complaint against JASCO PLUMBING & HEATING SUPPLY, INC. ("Jasco"), and JEFFREY BASS, individually, and MATTHEW BASS, individually, (collectively, where appropriate, as "Defendants"), alleges upon knowledge as to himself and his own actions and upon information and belief as to all other matters as follows:

### NATURE OF CASE

1.     This is a civil action for damages and equitable relief based upon violations that Defendants committed of Plaintiff's rights guaranteed to him by: (i) the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the overtime provisions of the New York Labor Law ("NYLL"), NYLL § 160; N.Y. Comp. Codes R. & Regs. ("NYCRR") tit. 12, § 142-2.2; (iii) the NYLL's requirement that employers furnish employees with a wage statement containing specific categories of accurate information on each payday, NYLL § 195(3); (iv) the

1

NYLL's requirement that employers furnish employees with a wage notice containing specific categories of accurate information at hire, NYLL § 195(1); and (v) any other claim(s) that can be inferred from the facts set forth herein.

2.  Plaintiff worked for Defendants - - a New York corporation that operates a Bronx-based plumbing and heating supplies business and its day-to-day overseers - - as a salesperson from March 2016 until March 2020. As described below, throughout Plaintiff's employment, Defendants willfully failed to pay Plaintiff the overtime wages lawfully due to him under the FLSA and the NYLL. Specifically, Defendants required Plaintiff to work, and Plaintiff did in fact work, in excess of forty hours virtually each week, but Defendants failed to compensate Plaintiff at the rate of one and one-half times his regular rate of pay for any hours that Plaintiff worked in excess of forty in a week. Instead, Defendants paid Plaintiff a flat weekly salary that Plaintiff and Defendants expressly agreed, at the time of Plaintiff's hire, was meant to compensate Plaintiff for only his first forty hours of work each week, and thus Defendants failed to compensate Plaintiff at any rate of pay, let alone at the statutorily-required rate of one and one-half times his regular hourly rate for any hours that Plaintiff worked in excess of forty in a week, in violation of the FLSA and the NYLL.

3.  Moreover, Defendants failed to provide Plaintiff with an accurate wage statement on each payday or with an accurate wage notice at the time of his hire, in violation of the NYLL.

4.  Defendants paid and treated all of their non-managerial salespeople in the same manner.

5.  Accordingly, Plaintiff brings this lawsuit against Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period

who suffered damages as a result of Defendants' violations of the FLSA. Plaintiff brings his claims under New York law on behalf of himself, individually, and on behalf of any FLSA Plaintiff, as that term is defined below, who opts-in to this action.

## JURISDICTION AND VENUE

6. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq*. The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New York law.

7. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claims for relief occurred within this judicial district.

## PARTIES

8. At all relevant times, Plaintiff worked for Defendants in New York, and was an "employee" entitled to protection as defined by the FLSA, the NYLL, and the NYCRR.

9. At all relevant times, Defendant Jasco was and is a New York corporation with its principal place of business located at 4225 Peters Place, Bronx, New York 10470, which has designated Greenstein & Greenstein, Esqs., located at 4225 Peters Place, Bronx, New York 10470, to receive service of process on its behalf.

10. At all relevant times, Defendants Jeffrey Bass, as Vice President, and Matthew Bass, as manager, were and are the day-to-day overseers of Defendant Jasco, who in those roles were and are responsible for making all personnel-related decisions, including but not limited to the hiring and firing of all employees, the setting of employees' hours, rates, and methods of pay, and the maintenance of all employment records, including those decisions and records with respect to Plaintiff.

11. At all relevant times, Defendants were and are "employers" within the meaning of the FLSA, the NYLL, and the NYCRR. Additionally, at all times relevant to the FLSA, Defendant Jasco's qualifying annual business has exceeded $500,000.00, and Defendants have been engaged in interstate commerce within the meaning of the FLSA, as they have employed two or more employees, and as they have regularly ordered and sold parts, materials, and tools from vendors located in states other than New York to customers located in New York as well as other states, have accepted payments in cash that has naturally moved across state lines, as well as credit cards as a form of payment based on cardholder agreements with out-of-state companies, the combination of which subjects Defendants to the FLSA's overtime requirements as an enterprise with respect to all of Defendants' employees.

## COLLECTIVE ACTION ALLEGATIONS

12. Plaintiff seeks to bring this suit to recover from Defendants unpaid overtime compensation and liquidated damages pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 216(b), individually, on his own behalf, as well as on behalf of those in the following collective:

> Current and former non-managerial salespeople, or those who worked in a similar role, who during the applicable FLSA limitations period, performed any work for Defendants, and who consent to file a claim to recover damages for overtime compensation and liquidated damages that is legally due to them ("FLSA Plaintiffs").

13. Defendants treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section below; (2) were subject to the same laws and regulations; (3) were paid in the same or similar manner; (4) were required to work in excess of forty hours in a workweek; and (5) were not paid

the required one and one-half times their respective regular rates of pay for all hours worked per workweek in excess of forty.

14. At all times relevant to the FLSA, Defendants were and have been aware of the requirement to pay Plaintiff and all FLSA Plaintiffs at the rate of one and one-half times their respective regular rates of pay for all hours worked each workweek above forty, yet they purposefully and willfully chose and choose not to do so. Indeed, despite Plaintiff's numerous complaints to Defendants throughout his employment that they were not paying overtime in accordance with the law, Defendants continued not to do so.

15. Thus, Plaintiff and all FLSA Plaintiffs are victims of Defendants' pervasive practice of willfully refusing to pay their employees overtime compensation for all hours worked per workweek above forty, in violation of the FLSA.

## **BACKGROUND FACTS**

16. Defendant Jasco is a New York corporation that operates a Bronx-based plumbing and heating supplies business located at 4225 Peters Place, Bronx, New York.

17. Defendants Jeffrey Bass, as Vice President, and Matthew Bass, as manager, own, operate, and manage Defendant Jasco on a daily basis, and are responsible for all personnel-matters with respect to all of Defendants' employees, including Plaintiff. Indeed, Jeffrey Bass personally hired Plaintiff, set his work schedule and job assignments, and set and paid Plaintiff his wages, while Matthew Bass supervised Plaintiff's work on a daily basis, and both were responsible for maintaining Plaintiff's employment records.

18. In March 2016, Defendant Jeffrey Bass, on behalf of all Defendants, hired Plaintiff as a non-managerial salesperson, in which role Plaintiff worked until March 2020. In that position, based out of Defendants' Bronx location, Plaintiff contacted potential and current customers of Defendants in order to facilitate the ordering and delivery of Defendants' products.

19. Throughout his employment, Defendants required Plaintiff to work, and Plaintiff did in fact work, five days per week, Monday through Friday, from 7:00 a.m. until at least 4:30 p.m., and often until as late as 5:00 p.m., without any scheduled or uninterrupted breaks on at least three of those days, and with thirty-minute breaks on the remaining days. Thus, throughout his employment, Defendants required Plaintiff to work, and Plaintiff did routinely work, between forty-six and one-half and forty-nine per week.

20. From the beginning of Plaintiff's employment until September 2016, Defendants paid Plaintiff a flat weekly salary of $750.00, which based on conversations between Jeffrey Bass and Plaintiff at the time of Plaintiff's hire, the parties expressly agreed would cover only Plaintiff's first forty hours of work in a week. From October 2016 until the end of Plaintiff's employment in March 2020, Defendants paid Plaintiff a flat weekly salary of $820.00, with the same understanding that this sum was meant to compensate Plaintiff for only his first forty hours of work each week.

21. Thus, at no point during his employment did Defendants pay Plaintiff at any rate of pay, let alone at the rate of one and one-half times his regular hourly rate, for the hours that Plaintiff worked over forty in a week.

22. By way of example only, during the week of February 23 through February 29, 2020, Defendants required Plaintiff to work, and Plaintiff did in fact work, the following schedule:

| | |
|---|---|
| Sunday, February 23, 2020: | Off; |
| Monday, February 24, 2020: | 7:00 a.m. – 5:00 p.m., with one thirty-minute break; |
| Tuesday, February 25, 2020: | 7:00 a.m. – 4:30 p.m., with one thirty-minute break; |
| Wednesday, February 26, 2020: | 7:00 a.m. – 4:30 p.m., with no uninterrupted break; |
| Thursday, February 27, 2020: | 7:00 a.m. – 4:30 p.m., with no uninterrupted break; |
| Friday, February 28, 2020: | 7:00 a.m. – 4:30 p.m., with no uninterrupted break; and |
| Saturday, February 29, 2020: | Off. |

Thus, Plaintiff worked forty-seven hours during this week. In exchange, Defendants paid Plaintiff his $820.00 weekly salary, which was meant to compensate Plaintiff only for the first forty hours that Plaintiff worked. Defendants did not compensate Plaintiff at any rate of pay, let alone at the rate of one and one-half times his regular rate for any of the seven hours that Plaintiff worked during this week in excess of forty.

23. Defendants paid Plaintiff on a weekly basis in cash.

24. On each occasion when Defendants paid Plaintiff, Defendants failed to provide Plaintiff with any wage statement, let alone one that accurately listed, *inter alia*, his total hours worked that week or his regular and overtime rates of pay for every hour that he worked.

25. Additionally, Defendants failed to provide Plaintiff with any wage notice at the time of his hire, let alone one that accurately listed, *inter alia*, Plaintiff's regular and overtime rates of pay as designated by the employer.

26. Defendants treated Plaintiff and FLSA Plaintiffs in the same manner described herein.

27. Defendants acted in this manner to maximize their profits and minimize their labor costs.

28. Each hour that Plaintiff and FLSA Plaintiffs worked was for Defendants' benefit.

## FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Overtime under the FLSA*

29. Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

30. 29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

31. As described above, Defendants are employers within the meaning of the FLSA, while Plaintiff and FLSA Plaintiffs are employees within the meaning of the FLSA.

32. As also described above, Plaintiff and FLSA Plaintiffs worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the FLSA's overtime provisions.

33. Defendants willfully violated the FLSA.

34. Plaintiff and FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

35. Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendants' violations of the FLSA's overtime provisions.

## **SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Unpaid Overtime under the NYLL and the NYCRR*

36. Plaintiff and any FLSA Plaintiff who opts-in to this action repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

37. NYLL § 160 and 12 NYCRR § 142-2.2 require employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

38. As described above, Defendants are employers within the meaning of the NYLL and the NYCRR, while Plaintiff and any FLSA Plaintiff who opts-in to this action, are employees within the meaning of the NYLL and the NYCRR.

39. As also described above, Plaintiff and any FLSA Plaintiff who opts-in to this action, worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the NYLL's and the NYCRR's overtime provisions.

40. Plaintiff and any FLSA Plaintiff who opts-in to this action, are entitled to their overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

41. Plaintiff and any FLSA Plaintiff who opts-in to this action, are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and the NYCRR's overtime provisions.

**THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Failure to Furnish Accurate Wage Statements in Violation of the NYLL*

42. Plaintiff and any FLSA Plaintiff who opts-in to this action repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

43. NYLL § 195(3) requires that employers furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

44. As described above, Defendants are employers within the meaning of the NYLL, while Plaintiff and any FLSA Plaintiff who opts-in to this action, are employees within the meaning of the NYLL.

45. As also described above, Defendants, on each payday, failed to furnish Plaintiff and any FLSA-Plaintiff who opts-in to this action, with any wage statement, let alone a wage statement that accurately contained all of the criteria required under the NYLL.

46. On or after February 27, 2015, pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff and any FLSA Plaintiff who opts-in to this action, in the amount of $250.00 for each workday after the violation occurred, up to a statutory cap of $5,000.00 per person.

**FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Failure to Furnish Accurate Wage Notices in Violation of the NYLL*

47. Plaintiff and any FLSA Plaintiff who opts-in to this action repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

48. NYLL § 195(1) requires that employers provide employees with a wage notice at the time of hire containing accurate, specifically enumerated criteria.

49. As described above, Defendants are employers within the meaning of the NYLL, while Plaintiff and any FLSA Plaintiff who opts-into this action, are employees within the meaning of the NYLL.

50. As also described above, Defendants failed to provide Plaintiff and any FLSA Plaintiff who opts-in to this action, with any wage notice at hire, let alone a wage notice that accurately contained all of the criteria required under the NYLL.

51. On or after February 27, 2015, pursuant to NYLL § 198(1-b), Defendants are liable to Plaintiff and any FLSA Plaintiff who opts-in to this action, in the amount of $50.00 for each workday after the violation occurred, up to a statutory cap of $5,000.00 per person.

## **DEMAND FOR A JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff and FLSA Plaintiffs demand a trial by jury on all claims in this action.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff and FLSA Plaintiffs demand judgment against Defendants as follows:

a. A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State laws;

b. Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c. An order restraining Defendants from any retaliation against Plaintiff and/or FLSA Plaintiffs for participation in any form in this litigation;

  d. Designation of this action as an FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

  e. All damages that Plaintiff and FLSA Plaintiffs have sustained as a result of Defendants' conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiff and FLSA Plaintiffs would have received but for Defendants' unlawful payment practices;

  f. Liquidated damages and any other statutory penalties as recoverable under the FLSA and the NYLL;

  g. Awarding Plaintiff and FLSA Plaintiffs their reasonable attorneys' fees, as well as their costs and disbursements incurred in connection with this action, including expert witness fees and other costs, and an award of a service payment to Plaintiff;

  h. Designation of Plaintiff and his counsel as collective action representatives under the FLSA;

  i. Pre-judgment and post-judgment interest, as provided by law; and

    j.    Granting Plaintiff and FLSA Plaintiffs such other and further relief as this Court finds necessary and proper.

Dated: Garden City, New York
       May 5, 2021

>
> Respectfully submitted,
>
> BORRELLI & ASSOCIATES, P.L.L.C.
> *Attorneys for Plaintiff*
> 910 Franklin Avenue, Suite 200
> Garden City, New York 11530
> Tel. (516) 248-5550
> Fax. (516) 248-6027
>
> By:   */s/Frank J. Tantone*
>        FRANK J. TANTONE (FT 3474)
>        ALEXANDER T. COLEMAN (AC 1717)
>        MICHAEL J. BORRELLI (MB 8533)